## Goosling, et. al. v. Chapman, et al.

(Decided March 12, 1912.)

### Appeal from Pike Circuit Court.

Land—Prayer of Petition to be Adjudged Owners—Attempt to Enjoin Collection of Judgment—Provision of Statutes.—In an action against John and Rebecca Chapman, praying to be adjudged the owner of certain land, and against Smith, to enjoin him from paying a judgment to the Chapmans, Held, That it is difficult to determine the purpose of the action against the Chapmans. It is not alleged that they are possession of the land, nor is it asked that they be ejected from it. The petition is not sufficient under Section 11, Kentucky Statutes, to remove a cloud from the

title.  Smith was the real party in interest.  The judgment was against him in favor of the Chapmans for the cutting of timber, and if it develops that they are not the owners, he can be made to pay the true owner.

J. G. CLINE for appellants.

ROSCOE VANOVER for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellants are the children and grandchildren of Hammon Goosling.  They instituted this action against John Chapman, Rebecca Chapman and William Smith. They alleged in their petition that they took a certain tract of land from their father and grandfather by descent, which contained about eighty-six acres.  They described the land and alleged that they had owned it from the date of their father's death; that on May 7, 1908, after their father's death, John and Rebecca Chapman unlawfully and wrongfully claimed to be the owners of the land described; that they brought a suit in the Pike Circuit Court against William Smith and alleged that they were the owners of the land and that Smith was unlawfully and wrongfully cutting valuable timber from the land which was of the value of more than $1,000; that as a result of this litigation the Chapmans recovered a judgment against Smith for $656 and costs, $60.50; that this judgment recovered by the Chapmans was for damages to land which they did not own and which belonged to these appellants at the time; that the Chapmans were insolvent; that Smith was solvent and the Chapmans would collect the amount of the judgment from him and conceal or waste it.

It is difficult to determine the purpose of the action. It was not drawn to eject the Chapmans from the land. It is not stated that they were in possession of it, nor is it asked that they be ejected therefrom.  Appellants pray that they be adjudged the owners; that they be adjudged to be the owners of the judgment against Smith; that the Chapmans be enjoined from collecting the judgment or from transferring or disposing of it; that Smith be enjoined from paying them and for all other proper relief.  The petition is not sufficient, under section 11, Kentucky Statutes, to remove a cloud from the title.  It is not alleged that the Chapmans are still

claiming the land, nor is there any allegation that appellants are in possession of it, which are necessary under the section referred to. It appears to us that the action was brought to prevent appellees from collecting the judgment against Smith. They stated that they would suffer great loss if the Chapmans are permitted to collect the judgment, as the Chapmans are insolvent. The Chapmans do not owe appellants anything even though appellants actually owned the land at the time the timber was cut and removed, as the Chapmans did not cut or remove it. If they were the real owners of the land at the time the timber was cut and removed, Smith is the person who should account to them for he is the one who removed the timber. Smith might have paid the Chapmans for the timber once, but appellants say he is solvent. If the allegations of the petition are true, Smith is the person who should have brought the action under section 518 of the Code, if he had any of the grounds stated in that section upon which to base an action, to prevent the Chapmans from collecting the judgment for the reason he had discovered since the judgment was rendered that they were not the real owners of the land. Section 18 of the Code provides that every action should be brought in the name of the real party in interest, except as provided in section 21 of the Code, which has no application here. Smith was the real party in interest. It appears that he is solvent and if he suffers the Chapmans to collect for this timber and it develops that they are not the real owners thereof, he can be made to pay the true owner. Neither appellants or any other good citizen would like to see Smith compelled to pay anybody for the timber who is not entitled to it and then compelled to pay the real owner, but they have no legal right to bring an action to prevent it. That duty devolves upon Smith.

For these reasons, the judgment of the lower court is affirmed.